UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TAMMY BAKER
    O/B/O MICHAEL BAKER
        Plaintiff,                      CIVIL ACTION NO.09-10507

    v.                                        DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF                    MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO DISMISS**

      This matter is before the court on the defendant's motion to dismiss. This action seeks judicial review of the defendant's decision denying Mr. Baker's application for social security disability benefits. Mr. Baker is now deceased. Prior to his death, he was denied benefits after two ALJ hearings. He appealed the denial to U.S. District Court, with counsel, which remanded the case to the agency for further proceedings. Mr. Baker died December 24, 2005. His sister Tammy Baker was substituted as plaintiff and a posthumous hearing was held before an ALJ. The ALJ denied benefits, finding that Mr. Baker was under a disability but that substance abuse was a contributing factor material to the determination of disability, and consequently, Mr. Baker was not disabled under the Social Security Act. Counsel for plaintiff then filed this action 61 days later and did not serve defendant for seven months, initiating service only after proof of

service was requested by the court. Defendant argues that plaintiff failed to timely commence this action and has failed to assert and demonstrate the timeliness of her action in her complaint. The Commissioner argues that because there is no genuine issue of material fact regarding plaintiff's failure to timely file, the action should be dismissed. Plaintiff alleges that the action is timely and the motion should be denied. For the reasons discussed in this complaint, it is recommended that the defendant's motion be granted and the case dismissed with prejudice.

**Standard of Review and Applicable Law**

The issue before the court is whether to grant the government's motion to dismiss. It is settled law that the "United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules, Inc. v. United States,* 516 U.S. 417, 422, 116 S.Ct. 981(1996) (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948(1976)). The Government's waiver of sovereign immunity should be strictly construed, with respect to scope, in favor of the sovereign. *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092 (1996). When ruling on a jurisdictional challenge under Fed.R.Civ.P. 12(b)(1), "a court may look beyond the complaint and consider extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 n. 5 (9th Cir.2003).

For cases arising under Titles II and XVI of the Social Security Act, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review. See 42 U.S.C. § 405(h). Title 42 U.S.C. § 405(g) provides that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The term "final decision" is undefined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 767, 95 S.Ct. 2457(1975). The regulations provide that a "final decision" which is subject to judicial review is available only when a claimant has received an "initial determination" and has pursued that determination through the administrative appellate process. See 20 C.F.R. § 416.1400(a); *Califano v. Sanders,* 430 U.S. 99, 102, 97 S.Ct. 980(1977). Under the administrative appellate process, an individual claiming entitlement to benefits first receives an initial determination. *See* 20 C.F.R. § 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration and then a hearing before an ALJ. *See* 20 C.F.R. §§ 416.1407, 416.1414. If dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. *See* 20 C.F.R. § 416.1467. The Appeals Council may (1) deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, (2) grant the request for review and issue its own final decision, or (3) dismiss the request for review. *See* 20 C.F.R. §§ 416.1471, 416.1481. In either of the first two situations, the claimant may seek judicial review of the Commissioner's final decision by filing an action in federal district court.

*See* 20 C.F.R. § 416.1481. If, however, the Appeals Council dismisses the request for review, the dismissal "is binding and not subject to further review." *See* 20 C.F.R. §§ 416.1471, 416.1472.[1]

"Any civil action. . . must be instituted within 60days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. §§ 404.981, 422.210(c), *Bess v. Barnhart,* 337 F.3d 988, 989 (8th Cir.2003). The 60-day requirement has been held to be not jurisdictional, but rather constitutes a period of limitations. *Bowen v. City of New York,* 476 U.S. 467, 478, 106 S.Ct. 2022(1986), citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9, 96 S.Ct. 893(1976), and *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457(1975). Nonetheless, the limitations period is "a condition on the waiver of sovereign immunity and. . . must be strictly construed." *Id.* at 479.

**Background of the Decision**

Michael Baker was born January 13, 1954 and was insured for disability benefits through March 31, 2004. On May 5, 1999, Michael Baker applied for Title II disability benefits and for SSI (supplemental security income) alleging disability since January 1, 1999. Both Title II benefits and SSI were denied upon initial application. Mr. Baker then requested a hearing before an ALJ. At the hearing on November 3, 2000, ALJ Wilenkin issued an unfavorable decision finding Mr. Baker not disabled. On February 2, 2002, the Appeals Council granted plaintiff's

---

[1] It appears that the Appeals Council gave plaintiff "a break" in treating her untimely request as a denial rather than a dismissal.

request for review and remanded the matter for further proceedings before the ALJ. ALJ Wilkenin held a supplemental hearing February 18, 2003. Mr. Baker appeared and testified. On May 29, 2003, ALJ Wilkenin issued a decision, again finding Mr. Baker not disabled. Mr. Baker again sought review of the decision. The Appeals Council found no basis for revising the decision and denied review. Mr. Baker then filed a civil action in federal court and on November 30, 2004, the court remanded the case to the Commissioner for another hearing before an ALJ. The Commissioner was not advised of the December 24, 2005 death of Mr. Baker and no party substitution was made. The Commissioner scheduled a hearing for January 19, 2007 pursuant to the order of remand. Claimant's attorney Barry Keller, who has been her attorney throughout, appeared and at that time, advised the ALJ of the death. The matter was then adjourned to afford the lawyer an opportunity for substitution of party. Mr. Baker's sister Tammy, the properly substituted plaintiff, (Ex. 1 to Declaration of Howard Kelly (hereinafter Declaration)) appeared and testified at a supplemental hearing before ALJ Roshak on April 17, 2007. On March 13, 2008, ALJ Roshak denied Mr. Baker's claims for benefits, finding that Mr. Baker had, at step 2, severe impairments of rheumatoid arthritis, degenerative disc disease of the lumbar spine, degenerative arthritis of the cervical spine and right shoulder with history of possible partial rotator cuff tear, as well as cirrhosis, depression secondary to alcohol abuse, and a history of chronic alcohol abuse. Benefits were denied at step five because although able to perform sedentary work, the chronic alcoholism rendered him unable to perform on a sustained and continuous basis the necessary job functions for his past relevant work or for other work existing in the economy in significant numbers. (#12-2 p25) "Claimant was under a disability,

but a substance abuse disorder was a contributing factor material to the determination of disability. Accordingly, Claimant was not disabled under the Social Security Act at any time from the alleged onset date through his date of death." (#12-2, page 9)

Plaintiff filed an untimely request for review of the ALJ decision. The decision stated that written exceptions must be filed "within 30 days from the date you receive this notice. The Appeals Council assumes that you receive this notice within five days after the date shown on it unless you show that you did not receive it within the five day period." (Declaration page 3; emphasis in original) Plaintiff's written exceptions were thus due April 17, 2008.

Plaintiff did not file written exceptions until 57 days later, on May 8, 2008. (Declaration p 1) On June 21, 2008, the Appeals Council notified plaintiff that her exceptions were late but that it would consider any evidence that she submitted to establish that they were timely filed. The evidence was required to be submitted within 20 days from June 21 (July 12, 2008). On July 17, 2008, plaintiff responded saying that "due to a clerical error and shortness of staff she could not file her exceptions timely." (Declaration p3) On December 5, 2008, the Appeals Council sent plaintiff a notice finding that she did not submit her exceptions timely and did not ask for more time to do so within 30 days of the date she received the ALJ's decision. (Declaration p4) The notice gave plaintiff the right to file a new civil action 60 days from the date of receipt. Plaintiff did not file the action timely, but did file it sixty-one (61) days later, on February 10, 2009.

**Plaintiff's Complaint is Admittedly Untimely**

Plaintiff admits that the complaint was due February 9, 2009. She states: "Plaintiffs filed there (sic) complaint on February 10, 2009 electronically due to technical difficulties with there (sic) computer equipment which provides for in R.13(a)(2) of the Federal Court Rules. Plaintiffs was (sic) unaware of a problem with the complaint the next day because it was successfully accepted by the clerk for filing" (#15 p4) Plaintiff's argument is that her situation trumps the requirement for timely filing and motion to dismiss should be denied. This argument is without merit and should be rejected.

*1. Plaintiff's technical difficulties do not merit relief*

Plaintiff's reference to Rule 13 appears to relate to the Electronic Filing Policies and Procedures of the Eastern District of Michigan.[2] The Rule provides as follows:

R13 Technical Failure of Court Equipment; Malfunction of Filing User's Equipment

> (a) If a filing user encounters technical failure of Court equipment [as defined in R1(l)], the paper may be submitted to the Court as indicated below, provided that it is accompanied by an affidavit of the filing user's failed attempts to file electronically at least two times after 12:00 noon, each attempt separated by at least one hour.
>
> The following methods of filing are acceptable in the case of a technical failure:
> (1) Via e-mail sent that day with PDF attachment to the e-mail address for technical failures (technicalfailures@mied.uscourts.gov); or
> (2) Via electronic filing the next business day that ECF is operational.

(b) A filing user who suffers prejudice as a result of a malfunction of the filing

---

[2] Rule 13 of the Federal Rules of Civil Procedure deals with counterclaims and cross-claims, and (a)(2) of that Rule addresses when the pleader need not state the claim. The rule has no relevance to plaintiff's argument here.

user's own equipment may seek appropriate relief from the Court.

Plaintiff does not claim any problem with the court's electronic filing system. Rather, she states that her computer had technical difficulties. She has not provided any indication that the matter was promptly brought to the attention of the court's IT department and she did not seek any appropriate relief from the court regarding the delayed filing. No affidavit was submitted either at the time or here. Rule 13 provides no basis for relief.

*2. Plaintiff has failed to demonstrate good cause or any equitable basis for tolling*

Further, any claim for equitable relief from the untimely failure to file is belied by plaintiff's pattern and practice of ignoring deadlines, untimely filings before the agency, and failing to properly advise the agency of changes in the circumstances of the case. In addition, the most egregious action is her failure to serve the defendant in this case for 7 months after the filing of the untimely complaint and only after notice from the court.

Plaintiff made no effort to serve any of the governmental entities required to be served pursuant to FRCP Rule 4(i)–such service consisting of mailing a few letters and personally delivering a copy of the complaint to the United States Attorney's office. Plaintiff did nothing and when no proof of service was filed, the court mailed a Notice to Plaintiff on August 24, 2009, seeking proof of service. Instead of filing the same, plaintiff filed a motion on September 9, 2009 seeking to extend the time to serve defendants alleging that failure to serve was not discovered until August 24, 2009 due to an internal error and representing that plaintiff had served defendant that day. (#5) However, plaintiff's statement to the court and her representation of having served defendant on August 24, 2009 were not true. Service was not

made until September 8 and 11th. In her motion, plaintiff failed to advise the court that her complaint was untimely filed. The motion was granted without a hearing and plaintiff was given until October 9, 2009 to serve defendant. Given the history of the case, and now being aware of plaintiff's practices before the agency, the court would find that she failed to show good cause to extend the time for filing. In any event, she has failed to establish any equitable basis upon which she would be due relief from the statute of limitations.

**Conclusion**

Here, the complaint is admittedly untimely filed and beyond the statute of limitations. Given the history of plaintiff's conduct before the agency, the posthumous nature of the review, and plaintiff's failure to timely serve the action after the complaint was filed, there is no good cause or equitable basis to toll the statute of limitations against the sovereign. Accordingly, I find that plaintiff's complaint is untimely, filed outside of the limitations period prescribed by Section 405(g), and the action should be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 29, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 29, 2010.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan